UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
:
**RAMON M. CORA**,  :
:
                Plaintiff,  :
: **MEMORANDUM AND ORDER**
     – against –  :
: 24-CV-329 (AMD) (LB)
:
**MARITZA FELICIANO**, **MANNY MARQUEZ**,  :
and **MARY R. LEBRON**,  :
:
                Defendants.  :
---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On January 11, 2024, the *pro se* plaintiff Ramon Cora brought this action against Maritza Feliciano, Manny Marquez and Mary R. Lebron. (ECF No. 1.) His application to proceed *in forma pauperis* is granted. (ECF No. 2.) For the reasons explained below, the action is dismissed.

## BACKGROUND

The plaintiff[1] brings this action based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.[2] (ECF No. 1 at 4.) He alleges that Marquez "molest[ed] [his] daughter for [eight] years," beginning when she was 10 years old, and that Lebron and Feliciano, his daughter's mother and grandmother, knew about it. (*Id.* at 4–5.) When his daughter was 18

---

[1] The plaintiff has filed seven other complaints since December 2023. *See Cora v. Renaissance Men's Shelter et al*, No. 23-CV-9086 (E.D.N.Y. Dec. 7, 2023); *Cora v. Dep't of Homeless Services DSS*, No. 23-CV-9088 (E.D.N.Y. Dec. 7, 2023); *Cora v. Brooklyn Family Court*, No. 23-CV-9508 (E.D.N.Y. Dec. 26, 2023); *Cora v. N.Y.C. Child Support Human Resources*, No. 23-CV-9509 (E.D.N.Y. Dec. 26, 2023); *Cora v. Satul et al*, No. 24-CV-139 (E.D.N.Y. Jan. 5, 2024); *Cora v. Lebron et al*, No. 24-CV-327 (E.D.N.Y. Jan. 11, 2024); *Cora v. Westhab et al*, No. 24-CV-328 (E.D.N.Y. Jan. 11, 2024).

[2] The plaintiff uses varying capitalization throughout the complaint. The Court has modified the quotations from the complaint to employ standard capitalization.

years old, Lebron "kicked her out [on] the street," "where she was murdered." (*Id.*)  The plaintiff's complaint does not identify a specific cause of action.

The plaintiff seeks $100,000 in damages for "mental anguish" and "pain and suffering." (*Id.* at 6.)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020) (summary order) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

When a plaintiff seeks permission to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines" that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  "An action is 'frivolous' when (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory," i.e., "the claim lacks an arguable basis in law" or "a dispositive defense clearly exists on the face of the

2

complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

## DISCUSSION

The plaintiff asserts that the Court has federal question jurisdiction over his claims pursuant to 28 U.S.C. § 1331, which provides that the Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004). "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975). A claim also "may be dismissed for want of subject-matter jurisdiction [because] it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

The plaintiff's allegations, even liberally construed, do not state a claim arising under the Constitution or federal law, and therefore do not establish this Court's subject matter jurisdiction. To the extent the plaintiff sues the defendants for allegedly violating his constitutional or civil rights, and liberally construing the plaintiff's complaint as arising under 42 U.S.C. § 1983, the complaint still cannot proceed against the defendants. To maintain a Section 1983 action, a plaintiff must show that each defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the constitution or federal law. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Private conduct, no matter how wrongful, is generally beyond the reach of Section 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982). "Because the United States Constitution regulates only the Government, not private parties, a

litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (quoting *United States v. Int'l Bhd. of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991)); *see also Fabrikant v. French*, 691 F.3d 193, 206–07 (2d Cir. 2012).

Nor has the plaintiff pled any facts to allege that the defendants acted under color of state law, such that their "private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974))). Accordingly, the complaint does not state a claim on which relief may be granted, and the action must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of the Second Circuit's guidance that a *pro se* complaint should not be dismissed without leave to amend unless amendment would be futile, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. The defects in the plaintiff's complaint are substantive and would not be cured on amendment. Therefore, leave to amend the complaint is denied.

The plaintiff has now filed eight frivolous complaints in this District. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (citations omitted) (cleaned up). The plaintiff is warned that the future filing of repetitive, vexatious, and frivolous litigation may

result in the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. *See Hong Mai v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (finding that "courts may impose sanctions, including restrictions on future access to the judicial system," in such circumstances (citations omitted)); *Celli v. Engelmayer*, No. 22-CV-04646, 2023 U.S. Dist. LEXIS 53157, at *10–11 (E.D.N.Y. Mar. 28, 2023).

## CONCLUSION

For these reasons, the plaintiff's action is dismissed with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment dismissing the action, to mail a copy of this Memorandum and Order to the plaintiff, and to note the mailing on the docket.

**SO ORDERED.**

                 s/Ann M. Donnelly
                 _____
                 ANN M. DONNELLY
                 United States District Judge

Dated: Brooklyn, New York
     January 29, 2024